## GUARISCO v. MOLONY

---

(February 27, 1928. Opinion and Decree.)

---

(*Syllabus by the Court*)

1. **Louisiana Digest—Evidence—Par. 341, 352.**

Where the sole question is identification of a Ford car, alleged to have been stolen, intervenor, who has proved that it bears the secret mark which was

placed on the chassis by his vendor, will be declared owner, as against plaintiff, who has failed to prove a clear title.

Appeal from Civil District Court, Division "D". Hon. Porter Parker, Judge.

Action by Jake Guarisco against Guy R. Molony, Superintendent of Police.

There was judgment for plaintiff and defendant appealed.

Judgment reversed.

Richard A. Dowling, of New Orleans, attorney for plaintiff, appellee.

Michel Provosty, of New Orleans, attorney for defendant, Guy R. Molony.

S. Parkerson, of New Orleans, attorney for intervenor, defendant, appellant.

JONES, J. This suit, filed on June 9th, 1924, involves the identity, and consequently the ownership, of a Ford four-door sedan. The car was seized by the police as stolen property while in the possession of the plaintiff, Jake Guarisco, who thereupon filed suit against the Superintendent of Police, and secured a writ of sequestration under which the car was seized by the Civil Sheriff.

Later, the Mechanics and Traders Insurance Company intervened in the proceedings, claiming· car on the ground that it had been stolen from one William J. Tucker, on February 13th, 1924, whom they had paid under a theft policy, thereby acquiring his rights.

The Superintendent of Police filed a formal answer to the petition of plaintiff, denying all material facts alleged therein because of lack of information, but filed no answer to the petition of intervention.

The trial court rendered a judgment "maintaining plaintiff's rights upon the Ford sedan (four-door model), Motor No. 8791804, sequestered herein," and intervenor has appealed.

The case involves solely one question of fact: Is the car that was seized by the police while in the possession of plaintiff the car that was stolen from William J. Tucker?

Plaintiff testified as follows:

He bought Ford sedan, Motor No. 8791804, on March 25th, 1924, from J. C. Pell, by notarial act, for six hundred ($600.00) dollars, twenty-five ($25.00) dollars having been paid in cash and five hundred seventy-five ($575.00) dollars by check of his nephew.

This check was identified in the lower court and was offered in evidence along with the notarial act, but neither document is found in the record, though they were important documents for plaintiff.

A man named Lavelle and J. C. Pell had brought this Ford sedan to plaintiff's place, 3127 Esplanade Avenue, and he had bought the car from Pell; he had known Lavelle before when he was working for Fabacher's garage on Rampart street, but he had never known Pell; the car was in good condition, looked like a new car .and was represented as having been in use about a month; after car was taken from him by police, Pell had stated that he sold the car for a Mr. Delhom, although he had seen J. C. Pell and his two brothers working for the Menefee Company, he did not know where Pell lived and had not summoned him as a witness.

Avenius, service superintendent of the Eaton McDiarmid Motor Co., testified that his company had sold a Ford sedan No. 8737810, on November 22nd, 1923, to Wm. J. Tucker and had placed on the left-hand side of the frame right over the starting motor a secret No. "EM-150".

Morton, a clerk at the Ford assembling plant in this city, testified that his company kept blank cards with names of all types of Ford cars thereon and blank spaces to be filled in or checked showing motor number, style of car, rims, etc., and when a car was assembled, the motor number was printed on and the type of car and other details were checked. Later a copy of such card was filed in evidence, showing Ford car bearing No. 8791804 which was assembled at Detroit was received here on December 1st, 1923, and was shipped on December 4th, 1923, to Bush at Gretna, La., and was checked as a "touring car" with starter and demountable rims.

Becker, for three years physical instructor and stolen car manager of police department, formerly a boiler maker, then a mechanic, then foreman of the N. O. Machine Works, testified that the lower part of original motor block in this car where Ford Co. stencil their serial numbers had been removed and he had found on the left-hand side of the chassis the secret No. EM-150, which had been sent the Chief of Police by Eaton-McDiarmid Motor Company.

His conclusion as to cylinder block being new was based on the fact that there was no dirt on the threads of the bolts and on the cotterpins and the metal looked unused; Ford 7's and 4's always had tails as follows 7 and 4, whereas these digits on this motor block had no tails and were made straight as follows, 7 and 4, that there were over 11,0000,000 Fords in existence and in the course of his work he had examined "close onto five or six thousand" and he had not seen straight 7's and 4's on any Ford car.

Wm. J. Tucker testified he had bought the Ford sedan, motor No. 8737810 on November 23rd, 1923, for eight hundred thirteen and 88-100 ($813.88) dollars and it had been stolen on February 13th, 1924, in front of his drug store at Canal and Broad streets; that he had been paid by intervenor "five hundred and odd dollars", that he had not seen the car which was taken from plaintiff, as Becker was too busy to show it when he went to police station to see it at Becker's request; that he had never seen the motor number himself and the only identification he knew of was a little dent on the right-hand side near the handle of back door made by yellow piece of wood when his son had run into a truck and been knocked over to the sidewalk, which indentation should still be there.

Here attorney for plaintiff asked the judge to examine the car, which was parked nearby, and the court, counsel and witnesses adjourned to the corner of St. Louis and Chartres streets. Here the witness, when questioned by the judge, stated that he did not see the mark on the car.

Plaintiff, when called as a witness under cross-examination, stated that he had made an affidavit aginst Delhom for getting money under false pretenses under advice from Beckler and later Beckler stated that he had also made an affidavit against Delhom for having stolen property in his possession and that Rene Delhom had been convicted in Judge Humphrey's court.

Fred Oster, a rebuttal witness for plaintiff, testified that his company had been keeping the car for the insurance company since they took it from sheriff on bond, but they had done "no paint work on it".

The proof that the secret No. EM-150 placed on the car by original vendor was found by police inspector would suffice to establish intervenor's claim, even if there were no corroborative evidence.

Evidently the failure to find any sign of the indentation or paint mark when the car was examined must have been the controlling cause of the decision of the trial judge, but a thief would naturally remove such identifying marks at once.

The failure of plaintiff to attempt to produce Bush from Gretna, the consignee of the touring car ·with Motor No. 8791804 (according to the Ford filing card) and the failure to put J. C. Pell on the witness stand are further indications of the weakness of plaintiff's claim.

While the testimony of Beckler as to the new cylinder block and as to the Ford figures is corroborative, we think the fact that the Ford record showed the car bearing Motor No. 8791804 as a touring car, while Guarisco's car with this number was a sedan, is of persuasive force in showing defect in plaintiff's title.

For above reasons the judgment is reversed.

It is now ordered, adjudged and decreed that plaintiff's suit be dismissed at his cost.

It is further ordered, adjudged and decreed that intervenor, The Mechanics & Traders Insurance Company, is the owner of the Ford four-door sedan, motor No. 8737810, and entitled to possession thereof,

It is further ordered that the writ of sequestration herein issued be dissolved and the forthcoming bond executed by intervenor herein be cancelled.